IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WAYNE D. HINKLE,**

    **Plaintiff,**

**v.**                                 **CIVIL ACTION NO. 5:08cv159**
                                           **(Judge Stamp)**

**SAINT MARY'S CORRECTIONAL CENTER,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On October 21, 2008, plaintiff, who is a state prisoner, filed a complaint pursuant to 42 U.S.C. §1983 in the Souther District of West Virginia. Because the complaint related to the plaintiff's incarceration at the Saint Marys Correctional Center ("SMCC"), the case was transferred to this court. On March 10, 2009, an order was entered granting the plaintiff's Application to Proceed Without Prepayment of Costs. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)

## I. THE COMPLAINT

The plaintiff, who is currently incarcerated in the Huttonsville Correctional Center ("HCC") in Huttonsville, West Virginia, has filed a complaint against the SMCC complaining that he was fearful for his life while incarcerated there. The plaintiff indicates that he is sixty (60) years old and confined to a wheelchair. The plaintiff further indicates that he is a convicted sex offender. The plaintiff alleges that during the one year that he was confined at SMCC he was subjected to harassment, threats and abuse by other inmates. Examples include: (1) having ice cold water thrown on him whiling using the handicapped commode or bathroom; (2) having a cake of soap thrown at him

while using the handicapped bathroom (3) having shampoo put in his drinking glass; and (4) having toothpaste spread around the lip of his drinking glass. The plaintiff indicates that he felt very unsafe while incarcerated at the SMCC and believes that his life was in danger. Conversely, the plaintiff indicates that he never had any trouble in the eight (8) years he was incarcerated at the Mount Olive Correctional Center ("MOCC") or the three (3) years he was incarcerated at the HCC before being moved to the SMCC. As relief, the plaintiff asks that in "some way shape (or) form, help me fast, please."(Doc. 1, p. 4).

## II. **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request for damages against the defendant has no chance for success. Therefore, the undersigned

2

recommends that this case be dismissed.

### III. ANALYSIS

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

In the instant case, the plaintiff does not name any person as a defendant, but instead, names the SMCC. The SMCC is not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 200) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.")

### IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e)

for failure to state a claim upon which relief can be granted. It is further recommended that the plaintiff's Motion to Transfer Case to the Southern District of W.Va. (Doc.23) be **DENIED.**

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: 3-11-09

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE