IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WAYNE D. HINKLE,

    Plaintiff,

v.                                  Civil Action No. 5:08CV159
                                                (STAMP)

SAINT MARYS CORRECTIONAL CENTER,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The pro se[1] plaintiff, Wayne D. Hinkle, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983 against Saint Marys Correctional Center ("St. Marys") alleging that he was fearful for his life while incarcerated there. The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed for failure to state a claim. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

judge's recommendation.  Neither party filed objections.  For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A.  If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part.  28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA,

the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The standard for determining failure to state a claim for the purpose of a PLRA dismissal is identical to the one in Federal Rule of Civil Procedure 12(b)(6). See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (noting that "failure to state a claim" language in the PLRA parallels that of Rule 12(b)(6)). Accordingly, under that standard, courts must accept the material facts alleged in the complaint as true, and not dismiss unless it appears to a certainty that the plaintiff can prove no set of facts in support of this claim which would entitle him to relief. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

On the other hand, a frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325. In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless"

factual allegations as true.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed for failure to state a claim. Title 42, United States Code, Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of State law.  St. Marys does not constitute a "person" for the purposes of 42 U.S.C. § 1983.  See Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under § 1983"); see also Roach v. Burch, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); Preval v. Reno, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983").  Therefore, this Court finds no clear error in the magistrate judge's conclusion that St. Marys is not a proper party to this action.

## IV.  Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set

forth above, the plaintiff's § 1983 complaint is DISMISSED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: May 21, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE